**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

HISPANIC FEDERATION and
THE SOLAR FOUNDATION,

Plaintiffs,

v.

ALEJANDRO J. URIARTE-OTHEGUY,

Defendant.

CIVIL NO.  21-1573 (HRV)

## OPINION AND ORDER

*Introduction*

In this diversity jurisdiction breach of contract, fraud and unjust enrichment action there are two motions pending before the Court.  On December 7, 2023, Plaintiffs Hispanic Federation and The Solar Foundation filed their "Plaintiffs' Motion for a Protective Order", (Docket No. 41), and "Plaintiffs' Motion to Compel Defendant Alejandro J. Uriarte Otheguy to Serve and Supplement its Responses to Plaintiffs' Discovery Requests and Motion to Strike Objections." (Docket No. 42).  Defendant Alejandro J. Uriarte Otheguy filed his response to these motions on January 10, 2024.  (Docket No. 47).

For the reasons outlined below, Plaintiffs' motion for a protective order is GRANTED.  The motion to compel is GRANTED in part and DENIED in part.

1

*Background*

Plaintiffs are two nonprofit corporations that funded the construction of a solar energy station in San Juan, Puerto Rico, after two hurricanes devasted the island's energy infrastructure in 2017. The complaint, filed on November 30, 2021, alleges that Plaintiffs contracted with the Defendant to build the station, but defendant never completed the project despite having been paid more than $800,000. (Docket No. 1). Plaintiffs seek compensation for the alleged injuries suffered due to Defendant's conduct. (*Id.*).

On July 21, 2023, the Court, through the Honorable Marcos E. Lopez, United States Magistrate Judge, issued a Case Management Order ("CMO") that set September 6, 2023, as the deadline for serving written discovery requests. (Docket No. 31). The CMO required the parties to answer the written discovery requests within 30 days of service, that is, no later than October 5, 2023. (*Id.*).

The Plaintiffs complied by serving on Defendant their written discovery requests on September 5, 2023. (*See* Docket No. 47-1). On October 5, 2023, Defendant filed an informative motion that it had provided his answers to the Plaintiffs' written discovery requests via email. (Docket No. 33). Then, on November 7, 2023, two months after the established deadline, Defendant informed the Court that it had served, also via email, his "First Set of Interrogatories and First Request for Admission[s]." (Docket No. 37).

Plaintiffs filed their motion for protective order and motion to compel on December 7, 2023. (Docket Nos. 41 and 42). After seeking an extension of time, Defendant responded to the Plaintiffs' motions. (Docket No. 47). I address each motion in turn.

*Motion for Protective Order*

The Plaintiffs seek a protective order arguing that the discovery requests submitted by the Defendant on November 7, 2023, are untimely because they were served two months after the deadline set by the Court in the CMO. The Plaintiffs also aver that Defendant neither moved the Court for good cause to extend the deadline, nor have shown excusable neglect for his noncompliance. The Plaintiffs ask the Court to strike the Defendant's discovery requests and to protect them from having to answer them.

In response, while acknowledging that there was a delay in meeting the "agreed-upon" deadline,[1] the Defendant maintains, without further elaboration, that the delay was due to "inadvertence and human error." (Docket No. 47 at 2). Defendant characterizes his failure to comply with the deadline as an oversight and faults the Plaintiffs for serving an excessive discovery request that "arguably" is beyond the scope of the Federal Rules of Civil Procedure and that imposed an undue burden on him. The process of answering Plaintiffs' discovery requests, the Defendant claims, was time-consuming and contributed to the delay. Defendant asks the Court to consider the unintentional delay as an isolated incident.

Rule 16 of the Federal Rules of Civil Procedure mandates that a scheduling order be issued as soon as practicable. Fed. R. Civ. P. 16(b). The Court may issue sanctions, including those authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii), "if a party . . . fails to

---

[1] The deadline was not "agreed-upon," it was court-imposed. (Docket No. 31).

obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).  Once a scheduling or case management order is entered, any party seeking to extend a deadline prior to its expiration must show good cause. Fed. R. Civ. P. 6(b)(1).  On the other hand, when faced with an expired deadline—like in this case—a litigant "must show that her failure to request an extension in a timeous manner constitutes excusable neglect." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26 (1st Cir. 2013)(citing Fed. R. Civ. P. 6(b)(1)).  Excusable neglect "encompasses 'inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Id.* at 26-27 (quoting *Pioneer Inv. Servs, Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).  When determining whether a party's omission constitutes excusable neglect, all relevant circumstances should be taken into account and the Court should specifically analyze the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs, Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. at 395.

      Here, the Defendant does not point to any circumstance beyond his control.  He states, in a rather conclusory fashion, that the two-month delay was due to inadvertence, oversight and human error.  A delay of two months is just not reasonable to qualify as inadvertence or oversight.  Moreover, Defendant does not state what kind of inadvertence or mistake caused the delay.  The Court is left to guess what was the specific reason that impeded the Defendant to comply with the deadline or to opportunely request an extension.  This fact alone suggests that Defendant falls short of establishing

4

excusable neglect, since it has been held that although all the *Pioneer* factors "should be weighed, there is ultimately a thumb on the scale because 'within the constellation of relevant factors, the most important is the reason for the particular oversight.*" Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017)(*quoting Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 38-39 (1st Cir. 2013)).

Danger of prejudice to the Plaintiffs does not weigh heavily in my decision, although there is some. Plaintiffs diligently complied with discovery deadlines and have an interest in moving this 2021 case forward. I do not make a finding of bad faith on the part of the Defendant. I note, however, that the discovery deadlines were clearly on the Defendant's radar because he was able to provide answers to the Plaintiffs' timely requests for written discovery within the timeframe set by the Court and even informed the Court that he had done so. (Docket No. 33). Further, the contention that Plaintiffs' discovery requests were excessive and beyond the scope of Rule 26 cannot serve as a justification rising to the level of excusable neglect. In a similar context, the First Circuit noted that "[t]wo wrongs do not make a right". *Rivera-Almodovar*, 730 F.3d at 28. If Defendant had an issue with the volume and extent[2] of the Plaintiffs' discovery requests, he had at his disposal mechanisms within the rules to move the Court in a timely fashion to extend the deadlines, or to request a protective order of his own. In any event, I have

---

[2] I question whether this argument even makes sense in the face of the next issue to be addressed—the motion to compel—where the Plaintiffs claim that Defendant answered many of the discovery requests with generic and evasive responses, often repeating the same objection.

5

reviewed the written discovery requests and I do not find that they are overly burdensome or unreasonably extensive for a case like the present one.

In sum, I am not persuaded that Defendant should be granted a no-harm-no foul free pass. Trial courts must be firm in managing crowded dockets and in demanding adherence to announced deadlines. *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir. 1990). If a judge "sets a reasonable due date, parties should not be allowed casually to flout it or painlessly escape the foreseeable consequences of noncompliance." *Id*. Moreover, as the discovery has closed in this case (*see* Docket No. 31), and the case is moving into the phase of dispositive motions, allowing the Defendant to benefit from answers to discovery requests he provided in late fashion will inevitably delay the progress of this case. Therefore, the impact on judicial proceedings as a factor weighs heavily in favor of granting the protective order.

### *Motion to Compel*

In their motion to compel (Docket No. 42), the Plaintiffs alert the Court that in answering their discovery requests, Defendant failed to produce documents and information in his possession that are responsive to said requests and lodged improper objections. Plaintiffs ask the Court to order Defendant to remove his objections and to supplement his answers and produce all pertinent documents. Plaintiffs also request that the Court award the costs associated with the filing of the motion to compel.

Defendant submits that his responses to the first set of interrogatories were provided in good faith and in accordance with the information available to him. He further maintains that he lacks knowledge of the specific matters in question. Defendant

has told the Plaintiffs that he does not possess the information requested and has suggested alternative sources or parties who may have access to such information.

When I review, the Defendant's responses to the first set of interrogatories, a pattern emerges. In addition to lack of knowledge in several instances, Defendant asserts a generic objection of "due to the nature of this matter." For instance, Defendant responded to several of the interrogatories as follows: "I do not know. New Energy Consultants & Contractors LLC and/or MSI ENERGY LLC may have a record regarding such communications." (Docket No. 47-2). When the interrogatories ask for matters touching upon Defendant's personal property or business interests, the cut-and-paste response was:

> Defendant objects to this Interrogatory due to the nature of this matter. It is well-settled that this suit was filed due to a contractual dispute between Solar Foundation and Hispanic Federation, on one side, and New Energy Consultants & Contractors LLC, owned by MSI ENERGY LLC, on the other. Since Defendant never entered into any agreement with the Solar Foundation or Hispanic Federation, personally, this request is objected. As a reminder, all debts and obligations that New Energy Consultants & Contractors LLC had, were transferred to MSI ENERGY after the sale. There is no basis for this interrogatory, and all interrogatories regarding Defendant's personal property are objected herein.

(*Id.*).

Interrogatories and requests for production of documents may relate to any matter that can be inquired into under Rule 26(b). Fed. R. Civ. P. 33(b); Fed. R. Civ. P. 34(a). In turn, Rules 26(b) authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b). The information sought need not be admissible at trial

so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* These discovery provisions are to be liberally construed. *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947).

Rule 37(a), on the other hand, expressly provides that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). The party filing a motion to compel discovery has the initial burden of showing that the requested discovery is relevant. *Maggi v. Grafton Cnty. Dep't of Corr.*, No. 18-cv-59-LM, 2021 WL 12147799, 2021 U.S. Dist. LEXIS 269964 at *5 (D.N.H., Nov. 9, 2021). This initial burden is not onerous. *Phillips Med. Sys. P.R., Inc. v. Alpha Biomedical & Diagnostic Corp.*, Civil No. 19-1488 (BJM), 2021 WL 150411, 2021 U.S. Dist. LEXIS 8739 at *12 (D.P.R., Jan. 15, 2021). "Once this burden is met, the party resisting production bears the burden to show that the discovery is improper." *Id.* (*citing Autoridad de Carreteras y Transportacion v. Tanscore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016)).

In applying these principles, I find, first, that the discovery requests at issue here are within the scope of Rule 26 and that Plaintiffs have met their initial burden of showing relevance. With respect to the Defendant's responses asserting lack of knowledge or documents not available to him, I am not in a position to question the good faith or truthfulness of said responses. I must take the Defendant's representations at face value for I cannot compel a party to produce discovery that he claims he has no knowledge of or is unavailable to him. *See Kenneth v. Nationwide Mutual Fire Ins.*, 03-CV-521, 2007 U.S. Dist. LEXIS 83973 (W.D.N.Y. Nov. 13, 2007)("[I]f a party does not have the knowledge or information necessary to answer an interrogatory, it is sufficient

to state lack of knowledge, as an answer, under oath.")  Counsel for Defendant is an officer of the Court and the Defendant has made the representations under the penalty of perjury.  They should know better that if it were to become apparent that there was a lack of candor, or willful misrepresentation, they could be exposed to severe sanctions.

As to the objections lodged refusing to answer the discovery requests based on the "nature of this matter", I find that the objections are improper, and that the Defendant must be compelled to answer.  When a relevance objection is lodged, "it becomes the job of the court to determine whether the discovery requested is relevant to the claims and defenses. . . ." *Bonner v. Triple S Mgmt. Corp.*, 64 F.4th 677, 685-86 (1st Cir. 2023)(*quoting In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008)).

The objections appear to be based on Defendant's position that Plaintiffs have sued the wrong party.  In other words, while admitting the existence of a contract, Defendant claims that he was just an employee of the company—New Energy—and that any claims should be directed against said company. (Answer to the Complaint, Docket No. 23 at 2).  Defendant's position may or may not be a defense that he can assert.  But it does not relieve him from his obligation to provide discovery that is otherwise relevant as per the allegations in the complaint that are directed against him personally, when he chose not to challenge the sufficiency of those allegations.  This is an action for damages alleging "dolo", fraud and unjust enrichment against the Defendant personally. Interrogatories seeking information related to the Defendant's assets, net worth, and similar matters are certainly relevant to the issue of damages, and also, potentially, to the matter of unjust enrichment.  "The scope of discovery is broad, and 'to be discoverable, information need only appear to be' 'reasonably calculated to lead to the

discovery of admissible evidence.'" *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 52 (1st Cir. 2009)(*quoting Cusumano v. Microsoft Corp.*, 162 F.3d 708, 716 n.5 (1st Cir. 1998)).

Furthermore, "a responding party is not required to 'conduct extensive research in order to answer an interrogatory, but a reasonable effort must be made.'" *Morales v. Co. John DOE 2,* Civil No. 17-cv-234-SM, 2020 WL 13804749, 2020 U.S. Dist. LEXIS 270784 at *3 (D.N.H., Aug. 21, 2020)(*quoting Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013)). The record does not reveal a reasonable effort on the part of the Defendant, simply a blanket objection. As stated in the previous section, if the Defendant had meritorious objections about relevance, scope, or overbreadth, his option was not to simply disregard the discovery request; he was required to produce the documents and provide the answers to the parts of the request that were not irrelevant or overbroad, and then specifically object to the parts that were. *See* Fed. R. Civ. P. 33(b)(4)("[T]he grounds for objecting to interrogatories must be stated with specificity."); *see also Moulton v. Bane*, Civil No. 14-cv-265-JD, 2015 U.S. Dist. LEXIS 158773 at *10 (D.N.H. Nov. 24, 2015). A party resisting discovery fails to carry his burden by relying only on boilerplate or conclusory objections. Instead, the objecting party must specifically show in her response to the motion to compel, how each request for production or interrogatory is objectionable. *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004). This the Defendant failed to do.

In view of the above, the Defendant is ORDERED to answer interrogatories 18 through 25 within 10 days of the issuance of this order.

***Request for Cost and Attorneys' Fees***

Rule 37(a)(5) provides in relevant part that if a motion to compel is granted . . . "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the Court finds that "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). In a case where the motion is granted in part and denied in part, "the court may, . . . after giving an opportunity to be heard, apportion the reasonable expenses to the motion." Fed. R. Civ. P. 37(a)(5)(C).

Within 10 days of the issuance of this order, the Plaintiffs shall file a bill detailing the cost and attorney's fees incurred in the filing of the motion to compel. The Defendant shall file, ten (10) days thereafter, a motion showing cause why the Court should not order him to pay the cost and attorneys' fees requested by Plaintiffs. Neither of these filings should exceed 5 pages.

***Conclusion***

For the reasons stated above, the motion for protective order at Docket No. 41 is GRANTED. The motion to compel at Docket No. 42 is GRANTED in part and DENIED in part. The parties are further ordered to file pleadings concerning the matter of cost and attorneys fees as follows: within 10 days of this opinion and order, the Plaintiffs shall file their bill of cost and attorneys fees; 10 days thereafter, the Defendant shall show cause why he should not be ordered to pay.

**SO ORDERED**

In San Juan, Puerto Rico this 22nd day of January, 2024.

<u>S/Héctor L. Ramos-Vega</u><br>
HÉCTOR L. RAMOS-VEGA<br>
UNITED STATES MAGISTRATE JUDGE