# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

HISPANIC FEDERATION and
THE SOLAR FOUNDATION,

Plaintiffs,

v.

ALEJANDRO J. URIARTE-OTHEGUY,

Defendant.

CIVIL NO.  21-1573 (HRV)

## MEMORANDUM AND ORDER

### I.    INTRODUCTION

Pending before the court is "Plaintiffs' Motion to Strike Defendant's Answer to Plaintiffs' Complaint and for Default Judgment." (Docket No. 72).  Defendant Alejandro J. Uriarte-Otheguy, who has failed to announce new legal representation after the Court granted his former counsel leave to withdraw, and who has disobeyed several orders of the court, had until July 2, 2024, to respond to Plaintiffs' motion.  As of the filing of this Memorandum and Order, Plaintiffs' motion remains unopposed.

For the reasons set forth below, the motion to strike and for the entry of a default judgment is GRANTED.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are two nonprofit corporations that funded the construction of a solar energy station in San Juan, Puerto Rico, after two hurricanes devasted the island's energy

infrastructure in 2017. The complaint, filed on November 30, 2021, alleges that Plaintiffs contracted with the Defendant to build the station, but defendant never completed the project despite having been paid more than $800,000. (Docket No. 1). Plaintiffs bring causes of action for fraudulent inducement (Dolo), fraud and unjust enrichment. (*Id.*) They seek compensation for the alleged injuries suffered due to Defendant's conduct. (*Id.*).

On July 21, 2023, the Court issued a Case Management Order ("CMO") that set September 6, 2023, as the deadline for serving written discovery requests. (Docket No. 31). The CMO required the parties to answer the written discovery requests within 30 days of service, that is, no later than October 5, 2023. (*Id.*).

The Plaintiffs complied by serving on Defendant their written discovery requests on September 5, 2023. (*See* Docket No. 47-1). On October 5, 2023, Defendant filed a motion informing that he had provided his answers to the Plaintiffs' written discovery requests via email. (Docket No. 33). Then, on November 7, 2023, more than two months after the established deadline, Defendant informed the Court that it had served, also via email, his "First Set of Interrogatories and First Request for Admission[s]." (Docket No. 37).

Plaintiffs filed motions for protective order and to compel on December 7, 2023. (Docket Nos. 41 and 42). Plaintiffs sought a protective order arguing that the discovery requests submitted by the Defendant on November 7, 2023, were untimely because they were served two months after the deadline set by the Court in the CMO. The Plaintiffs also averred that Defendant neither moved the Court for good cause to extend the deadline, nor showed excusable neglect for his noncompliance. Plaintiffs asked the Court

to strike the Defendant's discovery requests and to protect them from having to answer them.

In their motion to compel (Docket No. 42), Plaintiffs alerted the Court that in answering their discovery requests, Defendant failed to produce documents and information in his possession that were responsive to said requests and lodged improper objections. Plaintiffs asked the Court to order Defendant to remove said objections and to supplement his answers and produce all pertinent documents. Plaintiffs also moved for an award of the costs associated with the filing of the motion to compel.

After seeking an extension of time, Defendant responded to the Plaintiffs' motions. (Docket No. 47). While acknowledging that there was a delay in meeting the deadline, the Defendant maintained, without further elaboration, that the delay was due to "inadvertence and human error." (Docket No. 47 at 2). Defendant characterized his failure to comply with the deadline as an oversight and faulted the Plaintiffs for serving an excessive discovery request that "arguably" was beyond the scope of the Federal Rules of Civil Procedure and imposed an undue burden on him. Defendant asked the Court to consider the unintentional delay as an isolated incident.

With respect to the motion to compel, the Defendant argued that the answers to the first set of interrogatories were provided in good faith and in accordance with the information available to him. He further contended that he lacks knowledge of the specific matters in question.

On January 22, 2024, I issued an Opinion and Order granting Plaintiffs' motion for a protective order and granting in part and denying in part their motion to compel. (Docket No. 51). I ruled that the Plaintiffs did not have to answer the belated discovery

request because the Defendant had not timely moved for a good cause extension of the deadline under Fed. R. Civ. P. 16 and had failed to show excusable neglect. (*Id*. at 4-6). I granted in part the motion to compel, ordering the Defendant to answer interrogatories 18 to 25 within 10 days. (*Id*. at 10). I also gave the Plaintiffs 10 days to request costs and attorney's fees under Fed. R. Civ. P. 37(a)(5) and 10 days thereafter to the Defendant to show cause why he should not have to pay. (*Id*. at 11).

On February 20, 2024, the Defendant moved for reconsideration of the January 22, 2024, Opinion and Order granting Plaintiffs' motion for a protective order. (Docket No. 56). The Plaintiffs in turn opposed the motion for reconsideration, renewed their request to compel the Defendant to answer the written discovery requests, and moved for the imposition of attorney's fees. (Docket No. 57). The Plaintiffs averred that Defendant once again failed to provide meaningful responses to the interrogatories by lodging new but still improper objections.

By way of order dated April 8, 2024, I partially reconsidered and allowed a limited opportunity to the Defendant to conduct discovery. (Docket No. 61). I specifically ruled that the Defendant would be allowed to conduct written discovery. However, I imposed a condition. Plaintiffs did not have to answer the Defendant's written discovery until he first removed his improperly lodged objections and fully answered the interrogatories submitted by plaintiffs. As a lesser sanction, I precluded Defendant from conducting any depositions. In addition, I ordered the Defendant to pay $7,375 in attorney's fees. The Defendant was specifically warned that "[t]he Court will not tolerate any further non-compliance, evasion, or delays. Additional sanctions may include striking answers to the allegations in the complaint or affirmative defenses." (*Id*. at 4).

The Defendant moved twice to extend the time to pay the monetary sanction and I obliged. (Docket Nos. 62, 63, 66, 67). However, on May 8, 2024, and again on May 10, 2024, counsel for the Defendant requested leave to withdraw from the legal representation. (Docket Nos. 68 and 70). In the motions to withdraw, it was represented that the Defendant had decided to file for personal bankruptcy, and this created a conflict of interest. Defendant, through counsel, requested that the orders for payment of attorney's fees and to answer discovery be held in abeyance until new legal representation was announced.

On May 14, 2024, I granted the request for leave to withdraw as counsel and gave the Defendant 21 days, that is, until June 3, 2024, "to announce new legal representation and/or inform as to the status of compliance with court orders." (Docket No. 72). I again admonished the Defendant that failure to comply with the order would result in the imposition of the sanctions that I warned him about in my order at Docket No. 61. The Defendant did not comply. He has not announced new legal representation nor notified whether he intends to comply with any of my orders.

On June 18, 2024, Plaintiffs filed their motion to strike the Defendant's answer to the complaint and for the entry of default. (Docket No. 72). Not surprisingly, the Defendant has not responded to this motion either.

**III.    APPLICABLE LAW AND DISCUSSION**

The Plaintiffs move to strike the Defendant's answer to their complaint and for the entry of a default judgment arguing that the Defendant's repeated violations to the discovery rules and of my orders are well-documented and warrant the imposition of the most severe and drastic sanctions. (Docket No. 71). Plaintiffs also contend that the

5

relevant factors that I need to consider all militate in favor of rendering a default judgment against the Defendant.

### A. Legal Standard

"Federal Rule of Civil Procedure 37(b)[1] gives district courts a 'veritable arsenal of sanctions' for failure to comply with discovery orders, including designating facts as established, striking pleadings, or rendering a default judgment." *Crispin-Taveras v. Mun. of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011)(*quoting Malot v. Dorado Beach Cottages Asocs.*, 478 F.3d 40, 44 (1st Cir. 2007)). Although default judgment is a severe sanction, it provides a "useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice." *Crispin-Taveras*, 647 F.3d at 7 (*quoting Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 40, 51 (1st Cir. 2009)).

---

[1] Specifically, Rule 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Appropriate sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii) striking pleadings in whole or in part**;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> **(vi) rendering a default judgment against the disobedient party**; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii)(emphasis added). The rule also requires that I "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

The appropriateness of default as a sanction must be evaluated on a case-by-case basis and under the totality of the circumstances. *Hooper-Haas v. Ziegler Holdings, LLC.*, 690 F.3d 34, 38 (1st Cir. 2012). The First Circuit has set out a non-exhaustive list of substantive and procedural factors to be considered when deciding whether Rule 37(b) sanctions should be imposed. On the substantive side, district courts should "weigh the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions." *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015). Procedural factors include "whether the district court gave the offending party notice of the possibility of sanctions and the opportunity to explain its misconduct and argue against the imposition of such a penalty." *Id.* Ultimately, "these factors require a court to balance the desirability of resolving cases on the merits against the importance of the orderly and efficient administration of justice." *Hooper-Haas*, 690 F.3d at 38 (internal quotations and citations omitted).

**B. Analysis**

After careful consideration of the record, and after balancing the relevant factors, I find that rendering a default judgment in favor of the Plaintiffs is the appropriate sanction given Defendant's contumacious conduct. He has clearly shown an unwillingness to participate in the discovery process in good faith and to comply with my orders. A lesser sanction would not suffice since I have already given the Defendant ample opportunity to comply with his discovery obligations, and the imposition of lesser

sanctions has not served as a deterrent. It is patently unfair to expect the Plaintiffs to fully litigate their claims with an opponent that refuses to engage in the discovery process.

### *Notice and Opportunity to Explain*

The Court has warned the Defendant of the possibility of sanctions on more than one occasion. More recently, in ruling on his motion for reconsideration, I specifically told the Defendant that I would "not tolerate any further non-compliance, evasion, or delays" and that sanctions additional to those already imposed could "include striking answers to the allegations in the complaint or affirmative defenses." (Docket No. 61). On May 9, 2024, I ordered the Defendant to inform about the status of his new legal representation and compliance with pending orders and deadlines. (Docket No. 69). While I did not threaten sanctions at that time, I was clearly interested in making sure that the Defendant intended to comply with the outstanding discovery. About a week later, on May 14, 2024, I once again accommodated the Defendant by providing additional time to announce new legal representation and to inform about the status of his compliance with court orders. (Docket No. 71). This time around, I warned him that no extensions would be granted and that "[f]ailure to comply [would] result in the imposition of the sanctions the Court warned about in Docket No. 61." (*Id.*)

The above constitutes more than ample notice of the possibility of sanctions. *See Botelho v. Buscone (In re Buscone)*, 61 F.4th 10, 30 (1st Cir. 2023)(pre-trial order stating that failure to strictly comply with discovery orders and deadlines may result in sanctions provided clear notice of the possibility of sanctions including default judgment). Defendant also had several opportunities to inform about the status of compliance with discovery and explain the reasons, if any, that prevented him from abiding by the rules.

Instead, he decided to flout the Court's orders. Further, by not responding to the Plaintiffs' motion for default judgment, the Defendant squandered the opportunity he had to explain his misconduct and argue against the imposition of such a sanction. *See Vallejo v. Santini-Padilla*, 607 F.3d 1, 7 (1st Cir. 2010)(finding waiver because the appellant chose not oppose a motion to dismiss.).

### *Severity and Repetition of the Discovery Violations*

In this case, Defendant submitted written discovery requests two months after the deadline imposed by the Court and the excuse given in response to Plaintiffs' motion for a protective order did not come close to establishing excusable neglect. (*See* Docket No. 51). Moreover, Plaintiffs had to file a motion to compel because Defendant's answers to the requests for production of documents and interrogatories were egregiously deficient. After the Court ordered the Defendant to remove his improper objections and to provide answers to the interrogatories, the Defendant once again interposed meritless objections and refused to answer. Plaintiffs were forced to move the Court to compel discovery a second time. I found that said conduct warranted the imposition of monetary sanctions. Defendant has yet to comply with the order compelling discovery and the payment of the attorney's fees. No reason has been offered for these obligations to remain outstanding. This factor cuts strongly in favor of default as a sanction.

### *Legitimacy of the Defendant's Excuse, Deliberateness and Mitigation*

As stated above, I have already found that Defendant's failure to comply with a previous discovery deadline did not amount to excusable neglect. Since then, several other instances of noncompliance with discovery and with court orders have occurred but the Defendant has failed to provide any justification. In fact, for two months, there

has been no activity in the docket by the Defendant. It is impossible for me to determine whether there are valid reasons for the failure to comply when the Defendant has decided not to participate in the case. By choosing silence and defiance, the Defendant appears to be telling me that he does not truly intend to meaningfully participate in this litigation moving forward.

### *Prejudice to the Plaintiffs and to the Court*

There is serious prejudice here to both the Plaintiffs and the Court. The present action was commenced in 2021. Almost three years later, there still no resolution in sight due to Defendant's lack of interest in moving discovery along. The Plaintiffs deserve their day in court. And the ability of the Court to manage its docket is seriously affected when a litigant decides not to comply with deadlines and orders. *See Anderson v. Beatrice Food Co.*, 900 F.2d 388, 395 (1st Cir. 1990)("Courts cannot function smoothly if parties, and counsel, ignore the rules, overlook due dates, or flout court orders. In this sense, sanctions may be a useful tool in vindicating the court's authority, reminding those who need reminding of the protocol, and ensuring orderliness in the judicial process.")

### *Adequacy of a Lesser Sanction*

In addressing the discovery disputes in this case, I have imposed several lesser sanctions. For instance, in reconsidering my ruling on the matter of the protective order, I precluded the Defendant from taking depositions. I also ordered him to pay attorney's fees in the amount of $7,375. Neither of these sanctions have deterred the Defendant. He has not complied with the order to properly answer the written discovery requests submitted by Plaintiffs and has flouted all my subsequent orders. This level of obstinacy and dereliction necessitates a severe sanction not only to punish the Defendant but also

to deter others. *See National Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.").

## IV.   CONCLUSION

In view of the above, Plaintiffs' motion to strike the Defendant's answers to their complaint and for the entry of default judgment as a sanction is **GRANTED**. I hereby **ORDER THE ENTRY OF DEFAULT JUDGMENT** for the Plaintiffs against the Defendant.

Within 14 days of this order, the Plaintiffs shall file a motion suggesting three (3) available dates for the scheduling of a hearing on damages pursuant to Fed. R. Civ. P. 55(b)(2).

**SO ORDERED.**

In San Juan, Puerto Rico this 11th day of July, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE