IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HISPANIC FEDERATION AND THE
SOLAR FOUNDATION,

Plaintiffs,

v.

ALEJANDRO J. URIARTE OTHEGUY,

Defendant.

CIVIL NO. 21-1573 (HRV)

**OPINION AND ORDER**[1]

### I. INTRODUCTION

Pending before the court is "Defendant's Motion for Relief from Judgment" under Fed. R. Civ. P. 60(b). (Docket No. 88). Defendant Alejandro J. Uriarte-Otheguy ("Uriarte"), who has disobeyed several court orders, failed to announce new legal representation after his attorney withdrew, and failed to appear at the hearing held to determine damages after the Court entered default as a sanction, now requests that the judgment issued ordering him to pay damages to the Plaintiffs be set aside. (*Id.*). The Plaintiffs Hispanic Federation and the Solar Foundation (hereinafter "Plaintiffs") filed a response in opposition (Docket No. 89), to which Uriarte replied. (Docket No. 93).

For the reasons set forth below, the motion for relief from judgment under Fed. R. Civ. P. 60(b) is DENIED.

---

[1] Gabriella A. Acevedo-Sotomayor, a second-year law student at the Inter American University of Puerto Rico School of Law, assisted in the research and drafting of this Opinion and Order.

1

## II. BACKGROUND

Plaintiffs are two nonprofit corporations that funded the construction of a solar energy station in San Juan, Puerto Rico, after two hurricanes devastated Puerto Rico's energy infrastructure in 2017. On November 30, 2021, Plaintiffs brought the present action alleging that they hired Uriarte to build the solar energy station. Despite having been paid more than $800,000, Uriarte never completed the project. (Docket No. 1). Plaintiffs brought causes of action for fraudulent inducement (Dolo), fraud, and unjust enrichment. (*Id.*).

The pretrial process was characterized by several instances of Uriarte's noncompliance with the deadlines set in the case management order and other discovery violations. (Docket Nos. 41, 42, 47, 56, 57). On April 8, 2024, for example, the Court had to order Uriarte to comply with his discovery obligations and to pay $7,375 in attorney's fees to the Plaintiffs as a sanction for his failure to comply. (Docket No. 61).

On May 8, 2024, and again on May 10, 2024, counsel for Uriarte requested leave to withdraw from his legal representation. (Docket Nos. 68 and 70). In the motions to withdraw, it was represented that Defendant had decided to file for personal bankruptcy, and this created a conflict of interest. Defendant, still through counsel, requested that the orders for payment of attorney's fees and to answer discovery be held in abeyance until new legal representation was announced. On May 14, 2024, the Court granted the request for leave to withdraw as counsel and gave Uriarte 21 days, that is, until June 3, 2024, "to announce new legal representation and/or inform as to the status of compliance with court orders." (Docket No. 72). I admonished Uriarte that failure to comply with the order could result in the imposition of additional sanctions. The Defendant did neither. He did not announce new legal representation within the term granted nor notified whether he intended to comply with any of the Court's orders. What's more, Uriarte never attempted to provide the Court with his contact information so that notices could be sent directly to him.

On June 18, 2024, Plaintiffs moved to strike the Defendant's answer to the complaint and for the entry of default under Fed. R. Civ. P. 37(b). (Docket No. 72). True to form, Uriarte did not respond.

On July 11, 2024, the Court ordered the entry of default against the Defendant (Docket Nos. 73 and 74) and set a hearing to determine damages. (Docket No. 78). Uriarte did not appear at this hearing either.

At the default hearing, Plaintiffs presented argument through counsel and introduced documentary evidence in support of their request that judgment be entered in their favor and against the Defendant. The Court entered Judgment in the amount of $881,410.24 as to the causes of action for "Dolo" and fraud, as well as costs and attorney's fees in the amount of $31,725. The Court also ordered the payment of pre-judgment and post-judgment interest. (Docket Nos. 85, 86).

Four months later, on January 13, 2025, Uriarte filed the instant motion for relief from judgment. (Docket No. 88). Plaintiffs opposed (Docket No. 89), and he replied. (Docket No. 93).

### III.  APPLICABLE LAW AND DISCUSSION

Uriarte moves for relief from judgment under Fed. R. Civ. P. 60(b) arguing that after his counsel withdrew, he did not receive notification of any subsequent events in the case, including the entry of judgment against him. (Docket No. 88). He asserts this is a due process violation. (*Id.*).

In opposition, the Plaintiffs cite to Uriarte's dismal record of compliance with court orders and the rules of discovery. Further, addressing the claim of lack of notice, Plaintiffs submit that Uriarte never provided his contact information or address to be added to the case as a pro se party. Also, Plaintiffs contend that former counsel received all notifications even after being granted leave to withdraw and that current counsel has some type of professional relationship with former counsel. The failure of Uriarte to monitor the docket, Plaintiffs say, is the reason he did not learn of developments in the case, including the entry of a default judgment. In addition to requesting that the Rule 60(b) motion be denied, Plaintiffs move for the imposition of additional monetary sanctions against Uriarte.

### A.   Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on one of the following six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Allowing a motion under this rule is committed to the Court's discretion. *De la Torre v. Cont'l Ins. Co.*, 15 F.3d 12, 14 (1st Cir. 2004). Further, Rule 60(b) is considered a "vehicle for extraordinary relief" to be allowed only "under extraordinary circumstances." *Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001).

### B. Discussion

Although Uriarte does not cite a specific ground under Rule 60(b), the Court understands that only two grounds are potentially applicable. Since Uriarte generally asserts a due process violation for lack of notice (and I assume an opportunity to be heard), an argument can be made that his motion falls under Rule 60(b)(4), allowing relief when the judgment at issue is void.[2] Otherwise, the only other potentially applicable ground is Rule 60(b)(6), under which the Court may order that a judgment or order be set aside for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This

---

[2] Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010).

4

is so because Uriarte is not contending that there is excusable neglect (Rule 60(b)(1))[3], newly discovered evidence (Rule 60(b)(2)), fraud or misconduct (Rule 60(b)(3)), or that the judgment has been satisfied (Rule 60(b)(5)).

The Court quickly disposes of the claim that the default judgment entered in this case is void. Certainly, any default judgment would be void if it was entered by the Court while it lacked jurisdiction over Uriarte; for instance, due to a failure to properly serve him with process. *See M & K Welding, Inc. v. Leasing Partners*, LLC, 386 F.3d 361, 364 (1st Cir. 2004) (*citing Precision Etchings & Findings v. LGP Gem Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992)). Indeed, while the decision to grant a Rule 60(b) motion generally lies within the discretion of the court, a motion under Rule 60(b)(4) **must** be granted if the challenged judgment is void for lack of personal jurisdiction. *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) (emphasis added) ("If the judgment is void, the district court has no discretion but to set aside the entry of default judgment."). However, a judgment "is not void simply because it is or may have been erroneous; it is void only if, from its inception, it was a legal nullity." *United States v. One Rural Lot No. 10,356*, 238 F.3d 76, 78 (1st Cir. 2001). The concept of void judgments is "narrowly construed" to encompass two circumstances: "[when] the court that rendered judgment lacked jurisdiction *or* in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990).

Here, Uriarte does not challenge jurisdiction. Nor can he. He was properly served with process from the get-go. (*See* Docket No. 16). Thereafter, he appeared through counsel and, for a while, actively litigated the case. His technical argument is about lack

---

[3] It should be noted that to avail themselves of Rule 60(b)(6), parties must be faultless in the delay, otherwise, "[i]f a party is 'partly to blame,' Rule 60(b)(6) relief is not available to that party; instead, 'relief must be sought within one year under subsection (1) and the party's neglect must be excusable.'" *Claremont Flock Corp. v. Alm*, 281 F.3d 297, 299 (1st Cir. 2002) (*quoting Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). As it shall be explained in further detail below, Uriarte is neither faultless nor just "partly to blame." He is very much at fault. Yet, in his filings, he does not seek to demonstrate that his neglect was excusable.

5

of notice of the court's entry of default and the subsequent entry of the judgment, due to his counsel's withdrawal and the fact that he did not receive electronic notifications of proceedings nor notifications directly from the Plaintiffs. Though labeled by him as such, any irregularities in the process of entering a default judgment, "do not . . . rise to the level of a due process violation as contemplated by Rule 60(b)(4)." *Formatech, Inc. v. Mass. Growth Capital Corp.*, No. BAP No. MW 19-016, 2019 Bankr. LEXIS 3878, at *19 (1st Cir. Bankr. App. Panel, Dec. 19, 2019). "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Espinosa*, 559 U.S. at 272. But actual notice is not required. *Jones v. Flowers*, 547 U.S. 220, 226, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006).

   The Court is not prepared to accept the implied suggestion that following the withdrawal by his counsel, Uriarte did not know that he was still a party in the case and needed to act accordingly. The notion that his attorney did not communicate to him that he had withdrawn or the need to secure new legal representation is not believable. At no point did Uriarte try to communicate with the Court or the Plaintiffs to provide his current contact information to receive notifications. He decided to sit idly by. The asserted lack of notice leading to the eventual entry of a default judgment was caused by the inaction and lackadaisical attitude assumed by Uriarte. *See Formatech, Inc. v. Mass. Growth Capital Corp.*, 2019 Bankr. LEXIS 3878, at *23-24 ("After the withdrawal of their counsel, the Defendants were under an obligation to monitor the electronic docketing system for the entry of new filings and orders."); *see also Witty v. Dukakis*, 3 F.3d 517, 520 (1st Cir. 1993) ("[P]arties to an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them."); *Marina-Aguila v. DenCaribbean, Inc.*, No. 04-cv-2212 (GAG), 2012 WL 692831, 2012 U.S. Dist. LEXIS 27499, at *5-6 (D.P.R. Feb. 29, 2012) (denying Rule 60(b) motion where attorney of record was notified of the amended complaint and default judgment before withdrawing from the case; if counsel did not notify his client of these developments, that is a dispute between the attorney and his

client, "rather than one that the court should rectify through the discretionary power of Rule 60(b).").

That said, the only remaining avenue for potential relief is Rule 60(b)(6), which as stated, allows a court to relieve a party from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This subsection is designed as a catch-all and relief "is only appropriate where subsections (1) through (5) do not apply." *Claremont Flock Corp. v. Alm*, 281 F.3d 297, 299 (1st Cir. 2002) (*quoting United States v. Baus*, 834 F.2d 1114, 1121 (1st Cir. 1987)). Moreover, as noted above, note 3, *supra*, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs.*, 507 U.S. at 393 (citations omitted).

In this case, it is at best questionable that Uriarte can invoke Rule 60(b)(6) because he is not faultless. Indeed, default was entered as a sanction for Uriarte's discovery violations, noncompliance with court orders and failure to actively participate in the litigation after his attorney's withdrawal. *See Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992) (affirming the entry of default as a sanction for discovery violations and the refusal to grant relief from judgment where the defendant was at fault for making himself unavailable for 11 months during which his whereabouts were unknown). But since the result is ultimately the same, the Court will engage in the Rule 60(b)(6) analysis assuming in his favor that Defendant can avail himself of said rule.

At the outset, it should be underscored that "[t]he high threshold required by Rule 60(b)(6) reflects the need to balance finality of judgments with the need to examine possible flaws in the judgments." *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 42 (1st Cir. 2015) (*quoting Paul Revere Variable Annuity Ins. Co. v. Zang,* 248 F.3d 1, 5 (1st Cir. 2001)) ("There must be an end to litigation someday and therefore district courts must weigh the reasons advanced for reopening the judgment against the desire to achieve finality in litigation."). Also, in the context of Rule 60(b)(6), the decision to grant or deny relief "is inherently equitable in nature." *Ungar v. PLO*, 599 F.3d 79, 83 (1st Cir. 2010) (citations omitted). To balance the competing policies— finality of judgments vis-à-vis deciding cases on the merits—courts examine the

following factors: (1) the timeliness of the motion; (2) whether exceptional circumstances justify extraordinary relief; (3) whether the movant can show a potentially meritorious claim or defense; and (4) the likelihood of unfair prejudice to the opposing party. *Bouret-Echevarria*, 784 F.3d at 43.

First, as to timeliness, a Rule 60(b)(6) motion is supposed to be brought within a reasonable time. Fed. R. Civ. P. 60(c). What is reasonable depends on the circumstances of each case. *Bouret-Echevarria,* 784 F.3d at 43 (*citing United States v. Baus*, 834 F.2d 1114, 1121 (1st Cir. 1987)). Uriarte filed his Rule 60(b) motion approximately four months after the entry of judgment. A four-month delay may seem insignificant. However, the Court notes that starting in May of 2024, when his attorney withdrew from the case, there were no additional attempts by Uriarte to participate in the litigation. That represents a period of eight months were Uriarte was MIA. Nonetheless, for purposes of the discussion, and favorably to Uriarte, the Court proceeds under the assumption that the motion was timely filed.

Second, the Court finds that Uriarte has failed to establish exceptional circumstances. Other than claiming that the judgment should be set aside because he never received notice of the entry of default, Uriarte makes no effort to explain what steps he took to keep himself appraised of developments in the case or what circumstances, if any, prevented him from doing so. His failure to diligently attend to matters related to the case, as noted above, cannot form the basis of a finding of exceptional circumstances. Indeed, it is the Court's opinion that any lack of notice was the result of Uriarte's inaction.

Third, Uriarte's motion does not endeavor to show that he had a meritorious defense that the Court should consider as part of the analysis. To be sure, Uriarte denied liability in his answer to the complaint. (Docket No. 23). But beyond that, he has advanced no argument outlining what his defense to the Plaintiffs' claims ultimately would have been.

Lastly, the record establishes that there will be a serious prejudice to the Plaintiffs if the judgment is set aside. As the Court noted in granting default as a sanction, Plaintiffs had to deal with an obstructionist adversary that refused to engage in the discovery process in good faith. *See Stooksbury v. Ross*, 528 Fed. Appx. 547, 554 (6th Cir. 2013)

(affirming the denial of a Rule 60(b) motion where default was entered against defendants pursuant to Rule 37 following a finding that defendants clearly engaged in delay and contumacious conduct.). Then, when his attorney withdrew, Uriarte decided to disappear from the case. The Plaintiffs have had to spend time and resources to bring this case to a conclusion. They should not be put in the position of having to do it all over again.

## IV. Conclusion

In view of the above, the motion for relief from judgment (Docket No. 88) is DENIED. The Court will not impose additional monetary sanctions as requested by Plaintiffs.

**It is so Ordered**

In San Juan, Puerto Rico this 21st day of April, 2025.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE